**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-cv-01336-AB-AFM | Date: | August 18, 2023 |
|---|---|---|---|

| Title: | *Julie Allen et al v. Lowes Companies, Inc. et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> PLAINTIFFS' MOTION FOR REMAND [Dkt. No. 12]

Before the Court is a Motion for Remand ("Motion," Dkt. No. 12) filed by Plaintiffs Julie Allen and James Allen ("Plaintiffs"). Defendant Lowe's Companies, Inc. ("Defendant") filed an opposition and Plaintiffs filed a reply. The Motion for Remand is **<u>GRANTED</u>**.

**I. BACKGROUND**

Plaintiffs, citizens of California, who are spouses, assert claims for negligence, premises liability, and loss of consortium against Defendant. They allege that some shelving rods negligently placed on a shelf in one of Defendant's stores slid off, and one fell onto and injured Ms. Allen's foot. *See* Compl. (Dkt. No. 1-1) ¶¶ 13-18. Plaintiffs also sue a Doe Employee and Does 1-50. *See* Compl. Defendant Lowe's, a citizen of North Carolina, removed within 30 days of receiving Plaintiffs' Statements of Damages in which Ms. Allen claims $30,150,000 ($30+ million) and Mr. Allen claims $20,000,000 ($20 million) in damages. Notice of Removal ("NOR") Ex. F.

Plaintiffs now move for remand, arguing that based on their allegation that the Doe Employee is a California citizen, there is no complete diversity, so therefore the case should be remanded. Plaintiffs also argue that the law on whether to consider Doe defendant citizenship is unclear, which at least casts doubt on jurisdiction, so the case should be remanded. Plaintiffs also argue that their Statements of Damages seeking tens of millions of dollars in damages do not establish that the amount in controversy exceeds $75,000.

## II. LEGAL STANDARD

Federal diversity jurisdiction exists when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied and if none of the defendants are citizens of the forum state.

A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject-matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

"In determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. §] 1332(a) [], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *accord Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").

## III. DISCUSSION

Applying 28 U.S.C. § 1441(b)(1) without nuance, and thus disregarding the citizenship of the Doe Employee, the Plaintiffs and the sole named Defendant are completely diverse. But Plaintiffs argue that the law in this district concerning whether to consider the citizenship of Doe defendants is not so black-and-white. "While some courts find the language of § 1441 preclusive, . . . others find a

distinction exists between 'fictitious' and real party Does that requires greater scrutiny . . ." *Johnson v. Starbucks Corp.*, 475 F.Supp.3d 1080, 1083 (C.D. Cal. 2020).

Indeed, "courts in the Ninth Circuit have synthesized the complex jurisprudence on whether courts may consider the citizenship of fictitious defendants for removal jurisdiction purposes into following rule statement: '[t]he question . . . becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action.'" *Yehuda Loya v. Costco Wholesale Corp.*, 2020 WL 7247782, at *2 (C.D. Cal. 2020) (quoting *Gardiner Family, LLC v. Crimson Resource Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035-36 (E.D. Cal. 2015)). "[C]ourts have found this is satisfied where an individual was specifically identified as performing a particular job function. [] A definite clue may also be shown by providing specifics regarding location, dates, and particular events." *Sandoval v. Republic Services, Inc.*, 2018 WL 1989528, at *4 (C.D. Cal. 2018) (citations omitted). Thus, for example, disregarding Does is proper if the Does are "wholly fictitious" or "when charges against the Does are so general as to give no clue of their identity or relationship to the action." *Gardiner Family, LLC*, 147 F.Supp.3d at 1035–36. By contrast, the citizenship of a Doe Manager and Doe Employee was considered where the Complaint "alleged a reasonable indication of the Doe Manager and Doe Employee's identities, relationship to the action, and citizenship." *Yehuda Loya*, 2020 WL 7247782, at *2.

Here, the Court finds that the Doe Employee is not a merely fictional defendant. First, the Complaint is pled against *both* the single Doe Employee *and* against Does 1-50, so the Doe Employee is a particular albeit as-yet-unidentified person, while the Does 1-50 are fictitious Does commonly included in complaints as placeholder defendants. Furthermore, the Complaint includes enough substance about the Doe Employee to permit them to be identified. The Complaint alleges the location ("Lowe's Home Improvement Store, in Santa Clarita, California," Compl. ¶ 9) and date ("On November 15, 2020," Compl. ¶12) of the incident, which narrows down the field. The Complaint also alleges the Doe Employee's connection with the incident, stating that Defendants, including Doe Employee, "negligently, carelessly, and unlawfully owned, constructed, entrusted, managed, maintained, operated, inspected, and/or repaired the Premises and RODS by…displaying the RODS in a manner that made them likely to fall, failing to secure the RODS on the shelf, failing to install a barrier to prevent the RODS from falling off the shelf…" Compl. ¶ 26. This is sufficient to connect the Doe Employee to the allegedly negligent conduct that prompted this lawsuit.

  Finally, the Complaint includes sufficient allegations from which to infer the Doe Employee's citizenship. The Complaint alleges the Doe Employee "is an individual over 18 years of age and, at all times relevant to this action, resided in the above-entitled judicial district." Compl. ¶ 6. Although the citizenship of a natural person is "determined by her state of domicile, not her state of residence," *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), "[i]t is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence." *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (citing *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)). Defendant has not presented any argument or evidence that the Doe Employee's alleged residence is not their domicile, so the Court finds that for purposes of this Motion, Plaintiffs has established that the Doe Employee's domicile and therefore also their citizenship is in California. At a minimum, Defendant has not satisfied its burden of establishing complete diversity.

  Given the Court's determination that Defendant has not established complete diversity, the Court need not address Plaintiffs' argument that Defendant has not satisfied the amount in controversy requirement.

## IV. CONCLUSION

  For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Remand. The Clerk of Court is **ORDERED** to remand this case to the state court from which it was removed.

  **IT IS SO ORDERED**.